Morales
*v.*
Marigny.

---

## W. A. Hanney & Co. *v.* H. E. Boehner.

It is not necessary to state in the affidavit for a writ of arrest, where the defendant resides or has his domicil.

If the case comes within the exception in favor of non-residents, the defendant may plead the exception, and in proof of it, the proceeding in arrest will be set aside, if it was not alleged in the affidavit that the defendant had absconded from his residence.

APPEAL from the Second District Court of New Orleans, *Morgan,* J.

*G. L. Bright,* for plaintiffs and appellants. *Race & Foster,* for defendant.

Voorhies, J. This case comes up on a rule as to the sufficiency of the plaintiffs' affidavit to proceedings in arrest of defendant. The latter, in his rule, avers, " that the affidavit made by the plaintiffs to obtain the writ of arrest is untrue and insufficient ; that he is at present a non-resident of this State ; and further, that he is not on the eve of leaving the State permanently, but on the contrary, he intends returning."

As no evidence was introduced ·on the trial below, the difficulty is narrowed down to the question of the sufficiency of the affidavit, on the face of the paper.

There is no exception on file, that the plaintiffs have failed to disclose in their petition, " *the place of residence of the defendant, or the place where he lives.*" C. P. Art. 172.

In the absence of an exception to such an omission on the part of the plaintiffs, the court cannot supply the objection.

Is it necessary to state in the affidavit for a writ of arrest, what the residence . or domicil of the defendant is ? Such is not the requirement of the law. C. P. Arts. 212 and 214, as amended by the Act of 1840, p. 131, s. 2, and by the Act of 1855, p. 42, s. 3.

In the present case, the affidavit was made in strict compliance with the provisions of the Code, as amended by the statute of 1840. We are not called upon, by the pleadings, to express any opinion upon the question as to the defendant's right to avail himself of the exception introduced in favor of non-residents, by the third section of the Act of 1855, " relative to persons arrested and imprisoned for debt."

It was incumbent upon the defendant, if he wished to avail himself of this exception, to prove that he was a resident of another State or territory of the Union ; and that proved, the failure of the plaintiffs to state, under oath, that the defendant had absconded from his residence, would have been fatal to the

validity of their proceedings in arrest. *Tallamon & Dessommes* v. *Antonio Cardenas*, ante p. 509.

This court cannot take for granted, in the absence of proof to that effect, that the defendant was a non-resident in the sense of the Act of 1855.

It is, therefore, ordered and decreed, that the judgment of the District Court be reversed, and that this case be remanded for further proceedings; the appellee paying the costs of appeal.

MERRICK, C. J., dissenting. I think the judgment of the lower court ought to be affirmed.

It is made the duty of the plaintiff to set out in his petition the place of residence of the defendant. C. P. Art. 172, No. 3.

This is not done, and the defect is not supplied by the affidavit. The only reference to defendant's domicil (if at all) is upon the note made a part of the petition, whereon is endorsed, "Indianola, Calhoun Co., Texas."

I am of the opinion, that in the harsh proceeding of arrest, it should appear affirmatively by the affidavit, or petition and affidavit, that the plaintiff is entitled to the writ. That does not appear in this case. It may be that the defendant is a resident of Texas, or some other State of this Union. If so, the affidavit is clearly insufficient. The plaintiff cannot, I think, omit the allegation of residence, and then rely upon an affidavit which could only be good in the event the defendant were a resident of this State. C. P. 244.